[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
The plaintiff employee has moved for summary judgment against the intervening plaintiff employer in this case. The plaintiff Kenneth Bissonnette brought this action against the defendant Gina Kotsaftis on whose property he fell and injured himself. The injury occurred during the course of the plaintiff's employment with Powerstation Corporation. As required by statute, once the plaintiff brought suit, he notified his employer of the lawsuit. Conn. Gen. Stat. § 31-293, provides:
If the employee, the employer or the custodian of the Second Injury Fund brings an action against such person [meaning the tortfeasor], he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties CT Page 1497 plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate.
There is no material fact in dispute. This action was commenced against the defendant Gina Kotsaftis by writ, summons and complaint dated October 18, 2000, with a return date of January 2, 2001. It was served on the defendant on October 30 and returned to court on November 3, 2000.
Also on October 18, 2000, the plaintiff's attorney sent a letter by certified mail, return receipt requested, addressed to Powerstation Corporation at its office in Middlebury, CT. The letter names this lawsuit, indicates that the lawsuit was made returnable to the Waterbury Superior Court, and notifies the employer of the right to intervene within thirty days or the employer's right of action against the defendant will abate. The return receipt indicates that it was received by the employer on October 23, 2000. The Motion to Intervene and Intervener's Complaint were filed on February 1, 2001, more than ninety days after receiving notice.
The court (Doherty, J.) initially denied the motion to intervene as untimely, because the intervening complaint and the motion to intervene were filed more than thirty days after the employer received notice of the lawsuit. The court (Holzberg, J.) granted the employer's motion for reconsideration and allowed the parties to present evidence of whether the motion was timely or not. The evidence has been presented appended to the plaintiff's Motion for Summary Judgment and the intervening plaintiff's objection thereto.
The intervener does not dispute that the intervening complaint was filed more than thirty days after notice to Powerstation Corporation. Rather the intervener contends that the plaintiff was obligated to provide notice through Powerstation's counsel and not to Powerstation directly. Powerstation and the plaintiff were parties in a worker's compensation claim in which both were represented by counsel. On August 1, 2000, counsel for Powerstation sent counsel for the plaintiff a letter, the relevant text of which reads as follows:
In accordance with your request, I have been advised that your client sustained his injury at the home of Dean Kotsaftis of 300 Old Watertown Road in Middlebury. I would appreciate your keeping us apprised of your progress with regard to this third party claim. CT Page 1498
 In addition, if this matter comes to resolution or if you file suit, you may send notice of this to me, as counsel of record for the employer.
 Thank you for your attention to this matter. Sincerely, /s/ Andrew J. Hern
The contention of the intervener is that counsel for the plaintiff was essentially prohibited by the Rules of Professional Conduct from sending notice directly to the intervener. The relevant rule is Rule 4.2 which states:
 In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.
The plaintiff responds that there was no obligation to send notice to Powerstation's counsel in this case and that sending notice to Powerstation Corporation directly was mandated by the statute.
This court finds that the plaintiff was not obligated to send the statutory notice to Powerstation's counsel, rather than to Powerstation directly. Further plaintiff's counsel did not violate the Rules of Professional Conduct by doing so.
Conn. Gen. Stat. § 31-293 mandates that the plaintiff-employee give a specific kind of notice "in writing, by personal presentation or by registered or certified mail" to the employer. The service of notice of the institution of the lawsuit under 31-293 is much more akin to the service of process, or service of a subpoena or appeal papers, which an opponent can cause to be served directly on a represented party, than the types of communication prohibited under the Rules of Professional Conduct. The plaintiff clearly complied with the precise terms of the statute here. This court need not decide whether notice to the employer's counsel would also have satisfied the statutory requirement of Conn. Gen. Stat. § 31-293.
But the court does decide that direct notice to the employer, even with the knowledge that the employer is represented by counsel in a related proceeding, does not violate the Rules of Professional Conduct. The Commentary to Rule 4.2 provides:
This Rule does not prohibit communication with a CT Page 1499 party, or an employee or agent of a party, concerning matters outside the representation. For example, the existence of a controversy between a government agency and a private party, or between two organizations, does not prohibit a lawyer for either from communicating with nonlawyer representatives of the other regarding a separate matter.
While the worker's compensation case and the plaintiff's lawsuit against the tortfeasor were related cases, they were sufficiently separate at the time the notice was sent to permit the plaintiff's attorney to send the statutorily required notice to Powerstation without violating the no-communication rule.
The plaintiff promptly notified the intervener of the institution of the lawsuit against Kotsaftis in accordance with the statute. Powerstation received notice but did nothing for nearly 100 days, allowing the thirty-day deadline for intervention to pass. Powerstation's right of action against Kotsaftis has abated. Accordingly, the plaintiff's Motion for Summary Judgment is granted, and a judgment of dismissal is hereby entered against the intervening plaintiff Powerstation Corporation.
Patty Jenkins Pittman, Judge